[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1424

COTE CORPORATION,

Plaintiff, Appellee,

v.

THOMS TRANSPORT COMPANY, INC.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Margaret J. Kravchuk, U.S. Magistrate Judge]

---

Before

Torruella, Chief Judge,
Selya and Boudin, Circuit Judges.

---

William C. Nugent on brief for appellant.
Peter M. Garcia and Skelton, Taintor & Abbott on brief for appellee.

---

August 29, 2000

---

**Per Curiam**.   After a thorough review of the record and of the parties' submissions, we affirm.  The lower court found that the fair market value of the destroyed property was $165,000, and given that the uncontroverted evidence showed that was the cost of replacing the property, we see no error in the court's conclusion.  See Ferrell v. Cox, 617 A.2d 1003, 1007 (Me. 1992) (uncontroverted evidence presented by owner as to fair market value of property supported award of damages).  To the extent appellant argues the evidence only demonstrated the retail fair market value of the property, not the wholesale value, the argument is forfeited since it was first raised in the reply brief.  See Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000).  Furthermore, the argument is meritless, since the uncontroverted testimony established that as a wholesaler, appellee would have had to pay $165,000 in order to replace the property.  Finally, we see no error in the court's calculation of appellee's post-accident damages, especially since the court explicitly reduced the amounts in question by appellee's profit margin.  See Titcomb v. Saco Mobile Home Sales, Inc., 544 A.2d 754, 758 (Me. 1988) (property owner not required to prove damages to a "mathematical certainty").

<u>Affirmed.</u>  1st Cir. Loc. R. 27(c).